UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NATHAN KATZ, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ASSET ACCEPTANCE, LLC, GOLDMAN & WASHAW, P.C., and JEFFREY M. PARRELA,

Defendants.

---

**CV 05 2783 (DGT)(KAM)**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Lawrence Katz (LK-0062)
KATZ & KLEINMAN
Attorneys for Plaintiff
626 RECKSON Plaza
West Tower - Sixth Floor
Uniondale, New York 11556-0626
(516) 522-2621

## I. JURISDICTIONAL STATEMENT

This action was brought pursuant to the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq. Subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On motions for summary judgment the court will not try issues of fact, but will determine only if there are issues to be tried. See Donahue v. Windsor Locks Bd. Of Fire Commissioners, 834 F.2d 54, 55 (2d Cir. 1987). The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment. McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

## III. FACTS OF THE CASE

The facts of this case as stated within the complaint and admitted by the defendants, is that the defendants, Goldman & Warshaw, P.C. and Jeffrey M. Parrella sued the plaintiff on behalf of the debt collector Asset Acceptance in the wrong venue. In short the defendant Asset Acceptance hired an attorney, a debt collector pursuant to the FDCPA, which violated the FDCPA by the bringing of a suit against the plaintiff in the wrong venue. Defendants claim a bona fide error defense.

## III. ARGUMENT

### A. THE FDCPA

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). It is designed to

protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 1997 U.S. App. LEXIS 5000 at *5 (7th Cir. 1997); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, and 1692f. When that information is not given statutory damages are recoverable, whether or not the plaintiff proves actual damages. *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F.Supp. 724, 727 and n.3 (D.Conn. 1990); *Cacace v. Lucas,* 775 F.Supp. 502 (D.Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F.Supp. 1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr. N.D.N.Y. 1982); *In re Littles*, 90 B.R. 669, 680 (Bankr. E.D.P. 1988), *aff'd as modified sub nom. Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988), aff'd 868 F.2d 566 (3d Cir. 1989).

Whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Taylor v. Perrin, Landry, de Launday & Durand,* 103 F.3d 1232, 1997 U.S.App. LEXIS 1637 (5th Cir. 1997); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028-9 (6th Cir. 1992); *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225-6 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 (11th Cir. 1985); *Russey v. Rankin*, 911 F.Supp. 1449 (D.N.M. 1995); *Bukumirovich v. Credit Bureau of Baton Rouge Inc.,* 155 F.R.D. 146 (M.D.La. 1994); *United States v. National Financial Servs.*, 829 F.Supp. 228, 232 (D.Md.

1993), aff'd, 98 F.3d 131, 135, 1996 U.S.App. LEXIS 26645 (4th Cir. 1996). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon, supra*.

**B. DEFENDANTS HAVE VIOLATED THE ACT**

**Legal actions by debt collectors**

(a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i.

There is no question nor do the defendants deny that they sued the plaintiff in the wrong venue. However, the defendants claim they are entitled to the bona fide defense in that their actions were not intentional and furthermore they employed procedures to avoid such errors.

**C. DEFENDANTS CANNOT INTERPOSE A BONA FIDE ERROR DEFENSE WHEN THE ERROR ARISES FROM INTENTIONAL ACTS AND NO SYSTEM WAS IN PLACE FOR ITS PREVENTION**

A debt collector has a defense to violations of 15 U.S.C.S. § 1692e if it shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures

reasonably adapted to avoid any such error. § 1692k(c). In *Pipiles v. Credit Bureau of Lockport,* the Second Circuit emphasized that in order to assert the affirmative defense of bona fide error, it is not enough for the error to be clerical in nature, the collector must also prove that the error resulted, notwithstanding the maintenance of procedures reasonably adapted to avoid the error. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir., 1989) The Second Circuit also made clear in its decision that errors of law do not come under the heading of "bona fide error". In its decision it cited as support the case of *Baker v. G.C. Servs.* Corp., 677 F.2d 775, 779 (9th Cir. 1982).

The Defendant must demonstrate by a preponderance of the evidence that the error occurred "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The requirement has been construed strictly by the courts to require that a special system be established to assure that no initial errors occur, and that a checking mechanism be maintained to catch any errors that slip through the system. Gallegos v. Stokes, 593 F.2d 372, 376 (10th Cir. 1979); Mirabal v. General Motors Acceptance Corp., 537 F.2d 871, 876-79 (7th Cir. 1976); Turner v. Firestone Tire & Rubber Co., 537 F.2d 1296, 1297-98 (5th Cir. 1976). "[T]he mere assertion of good intent, absent a factual showing of actual safeguards reasonably adopted to avoid violations of the FDCPA, is insufficient" to sustain the *bona fide* error defense. *Oglesby*, 1993 U.S. Dist. LEXIS 15687, 1993 WL 460841, at *9); *see also* *Green*, 792 F. Supp. at 1066 n.5 (rejecting *bona fide* error defense where the defendant debt collector merely asserted that the error was unintentional without supplying evidence of procedural safeguards).

There is simply no way for the defendant to demonstrate that this error was not intended, nor can the error be described as a clerical one. In this case an attorney was required to sign pleadings and to determine the correct venue in which

to bring a lawsuit.

Mr. Parrella signed the summons and the complaint within the underlying action as well as swore under the penalties of perjury that he had read the complaint and knew the contents were true.

The basis for venue stated in the civil court complaint prepared by defendants is as follows: "Upon information and belief, the defendant(s) reside in the county in which this action is brought; or that the defendant(s) transacted business within the county in which this action is brought in person or through his agent and that the instant cause arose out of said transaction." (Attached hereto is a copy of the summons and complaint in the underlying action)

Goldman & Warshaw in its preparation of the complaint did not even bother to determine with specificity, what the basis for venue in New York County was. Of course, under the FDCPA, the "transaction of business" is not a basis for venue. The only legitimate basis would be the residence of the defendant, which Mr. Parrella swore was in New York County, the same county in which the action was brought. In addition, Mr. Parrella signed and issued the summons, which clearly delineated New York County as the place of venue, but at the same time, not inches from Mr. Parrella's signature, the summons indicated that Mr. Katz resided in Brooklyn. If one accepts Mr. Parrella's verification as true, that is that he read the complaint and knew its contents and his knowledge was based upon documents that he had in his possession, then one must conclude that the defendants purposefully sued Mr. Katz in the wrong venue. According to Mr. Parrella's affidavit submitted in support of the defendants' motion, although he reviewed the complaint for FDCPA compliance he did not realize that the venue did not correspond to the debtor's place of residence. (See Parrella affidavit paragraph 9.)

Nowhere within the complaint or summons is Mr. Katz's residence mistakenly identified as being in New York County. No document of any kind has been produced which mistakenly identified Mr. Katz's residence as being within New York County. The summons is the only document that indicates where Mr. Katz resides, and that document states that he resides in Brooklyn. There was nothing that would have confused Mr. Parrella of where Mr. Katz resided. In fact, the only way Mr. Parrella could have unintentionally filed the case in the wrong venue, is if he failed, despite his having signed the verification, to properly review the complaint and summons in the underlying action.

Even if it can be argued that the defendant had procedures to insure it did not make an error, it clearly had no procedures to detect an error once it "slipped through the system." There is no evidence that the defendants employ any system to catch errors created through data entry. This error could have easily been detected had anyone from the defendant's office actually read the papers with an eye toward compliance with the specific venue requirements of the FDCPA.

*Baker v. G.C. Servs.Corp.,* in its holding relied in part on those cases dealing with the Truth in Lending Act. Section 1692k(c) of the FDCPA is nearly identical to the bona fide error defense section under the Truth in Lending Act (TILA), 15 U.S.C. § 1640(c). Congress excluded clerical errors "in response to fears that simple clerical mistakes in mathematical calculations of the lease financial charge and annual percentage rate would create unavoidable liability, see Hearings on S.5 Before the Subcomm. on Financial Institutions of the Senate Comm. on Banking and Currency, 90th Cong., 1st Sess. 64ff., 226, 374, 426-27, 529, 584, 698 (1967); the affirmative defenses of Section 1640(c), as well as of Section 1640(b), were added." Thomka v. A. Z. Chevrolet, Inc., 619 F.2d 246, 250-251 (3d Cir., 1980). While

congress wished to exclude minor errors that would inevitably occur even where proper procedures were maintained to avoid such errors, there is nothing to suggest within this legislation that it was the intent of congress to exclude the liability of a defendant who actually chose the wrong venue.

This is not a case of a clerical error but rather an instance where a law firm has created a system that shifted an attorney obligation to a clerical function. Choice of venue is an attorney function and when a lawyer chooses a venue that violates a federal statute he is not absolved of liability because he has chosen to shift his professional responsibility to a data entry person. There is no bona fide error defense as the acts complained of are intentional and because there are no safeguards to protect against such errors.

**D. VICARIOUS LIABILITY AS TO DEFENDANT ASSET ACCEPTANCE**

"Under general rules of agency law, principals are liable when their agents act with apparent authority and commit torts." Am. Soc. of Mech. Eng'rs v. Hydrolevel Corp., 456 U.S. 556, 565, 72 L. Ed. 2d 330, 102 S. Ct. 1935 (1982). "The apparent authority theory has long been the settled rule in the federal system." Id. at 567. "'Few doctrines of law are more firmly established or more in harmony with accepted notions of social policy than that of the liability of the principal without fault of his own.'" Id. at 568 (quoting Gleason v. Seaboard Air Line R. Co., 278 U.S. 349, 356, 73 L. Ed. 415, 49 S. Ct. 161 (1929)).

Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct. 17 Am. Jur. 2d Consumer Protection § 200 (1990) (debt collector liable for its attorney's conduct because otherwise collector could evade the FDCPA by hiring attorney to do

what it could not do); Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1516 (9th Cir. 1994) (after repeal of attorney exemption, debt collector still liable under the FDCPA for its attorney's conduct; otherwise the venue provision superfluous for the first nine years of its operation); Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1486 (M.D. Ala. 1987) (while attorney exemption intact, debt collector liable under the FDCPA for its attorney's violations). There is no question that the defendant Asset Acceptance is liable.

**E. RULE 68 COSTS**

In as much as any offer was made while the class action complaint was extant and was not made to the class, the offer is a nullity.

"It follows that if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone. If it makes its offer only to the class representative, it cannot then seek to impose costs on him after judgment is rendered pursuant to **Rule 68**, as it will not have directed its offer to the proper offeree". *McDowall v. Cogan*, 216 F.R.D. 46 at 51(E.D.N.Y. 2003). Because the defendants have failed to direct their rule 68 offer to the proper offeree it is a nullity.

**VI. CONCLUSION**

For the foregoing reasons the motion of the Defendants should be denied in all respects and judgment should be entered on behalf of the Plaintiff.

Uniondale New York
May 2, 2006

By______________________
Lawrence Katz
**Attorney for Plaintiff**
Lawrence Katz (LK-0062)
Katz & Kleinman PLLC
Attorney at Law

626 Reckson Plaza
Uniondale, New York 11556-0626
(516) 522-2621

ND: 4828-7120-4608, Ver 1

**EXHIBIT A**

**CONSUMER CREDIT TRANSACTION**
**IMPORTANT!! YOU ARE BEING SUED !!**
**THIS IS A COURT PAPER – A SUMMONS**

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEE). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!**

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| **ASSET ACCEPTANCE, LLC as assignee of HOUSEHOLD BANK**<br><br>**Plaintiff,**<br>**vs.**<br>**NATHAN KATZ**<br>**Defendant(s)** | **INDEX NO.**<br><br>File Date:________________<br><br>Plaintiff designates NEW YORK County as the place of trial<br><br>Plaintiff's Address:<br>6985 Miller Rd.<br>Warren, MI 48092<br><br>**SUMMONS WITH NOTICE**<br>Venue is based on defendant's residence. |

**TO THE ABOVE NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED TO APPEAR in the CIVIL COURT OF THE CITY OF NEW YORK, County of NEW YORK, at the Office of the Clerk of the said Court at 111 Centre Street New York, NY 10013 in the County of NEW YORK, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $4,685.79 with interest from 08/30/2001, together with the costs of this action.

Dated; New York, New York
March 31, 2005
Goldman & Warshaw, P.C.
Attorneys for Plaintiff

By: ________________________
JEFFREY M. PARRELLA
60 East 42[nd] Street-Suite 1161
New York, NY 10165
(212) 573-6909

Defendant's residence is:
185 Ross St, Brooklyn NY 11211

Note: The law provides that:

(a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, you are allowed THIRTY (30) DAYS AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT within which to appear and answer.

Our file AF033802

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ASSET ACCEPTANCE, LLC as assignee of HOUSEHOLD BANK<br><br>Plaintiff,<br>vs.<br>NATHAN KATZ<br>Defendant(s) | INDEX NO.<br><br>**VERIFIED COMPLAINT** |

Plaintiff(s) is the assignee of the underlying debt having duly purchased this debt from the original creditor HOUSEHOLD BANK . Plaintiff(s), by its attorneys GOLDMAN & WARSHAW, P.C., complaining of the defendant(s), allege(s) as follows:

**AS FOR THE FIRST CAUSE OF ACTION**

1. Upon information and belief, the defendant(s) reside in the county in which this action is brought; or that the defendant(s) transacted business within the county in which this action is brought in person or through his agent and that the instant cause arose out of said transaction.

2. That plaintiff, at defendant(s) express or implied request, provided credit to the defendant pursuant to a credit card agreement, at a rate of 9%.

3. Thereafter, defendant incurred various charges on said credit card, and defendant presently owes $4,685.79 in unpaid credit card charges and interest thereon.

4. Payment of the defaulted balance has been duly demanded and remains unpaid.

**AS FOR THE SECOND CAUSE OF ACTION**

5. Plaintiff repeats and reiterates each and every allegation contained in Paragraphs "1" through "4" inclusive, as if more fully set forth herein at length.

6. Plaintiff rendered a written statement to defendant(s) setting forth the fact that goods and/or services were purchased through said credit card and goods and/or services were not paid for by defendant(s) and defendant(s) did not dispute the existence or accuracy of said statement and the underlying indebtedness therein on said statement constitutes a written account stated.

WHEREFORE, plaintiff demands judgement as follows:

(a) Against the above-captioned defendant(s), on the first and second causes of action, in the amount of $4,685.79, together with interest at a rate of 9% running thereon from 08/30/2001.

(b) For the costs and disbursements of this action.

Dated: March 31, 2005

GOLDMAN & WARSHAW, P.C.
ATTORNEYS FOR PLAINTIFF
60 East 42nd Street
Suite 1161
New York, NY 10165
(212) 573-6909

By:________________________
JEFFREY M. PARRELLA

AF033802

# VERIFICATION

STATE OF NEW YORK )
) SS.:
COUNTY OF NEW YORK )

The undersigned, an attorney with Goldman and Warshaw, P.C., the attorney of record for the plaintiff, admitted to practice in the Courts of the State of New York, affirms that he had read the foregoing complaint and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true.

This verification is made by deponent because plaintiff is not in the county where deponent has his office, or all of the material allegations of the pleadings are within the personal knowledge of deponent.

The grounds of deponent's belief as to all matters not stated upon knowledge are obtained from records of plaintiff in his possession.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

DATED: New York, New York
March 31, 2005

JEFFREY M. FARRELLA

AF033802
nycrc