```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
   ----------------------------X
   NATHAN KATZ,
   on behalf of himself and all
   others similarly situated,
                                        MEMORANDUM AND ORDER
           Plaintiff,

        - against -                     Civil Action No.
                                        CV-05-2783 (DGT)
   ASSET ACCEPTANCE, LLC, GOLDMAN
   & WARSHAW, P.C., and JEFFREY
   M. PARRELLA,

           Defendants.

   ----------------------------X
```

Trager, J:

    Plaintiff Nathan Katz brings this action on behalf of himself and all others similarly situated against Asset Acceptance, LLC ("Asset Acceptance"), Goldman & Warshaw, P.C. ("Goldman & Warshaw") and Jeffrey M. Parrella, Esq. (collectively "defendants") under the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692. Katz claims that Goldman & Warshaw, a law firm specializing in consumer debt collection, intentionally filed a collection suit against him in an improper venue in violation of 15 U.S.C. § 1692i(a). Goldman & Warshaw claim that this was the result of a bona fide error and now move for summary judgment under Fed. R. Civ. P. 56 and for costs pursuant to Fed. R. Civ. P. 68.

**Background**

In or about November 2003, Asset Acceptance retained Goldman & Warshaw to provide legal services in connection with the collection of credit card debt owed by Katz. Affidavit of Jeffrey M. Parrella ("Parrella Aff.") ¶ 3. Although Katz resides in Kings County, a Goldman & Warshaw paralegal erroneously entered the numerical code "198" in the venue field of Katz's file signifying New York County rather than "202" signifying Kings County. Parrella Aff. ¶ 10; Affidavit of Suzanne Jones ("Jones Aff.") ¶ 10. From December 2003 to December 2004, Goldman & Warshaw mailed five letters and made six telephone calls to Katz in an attempt to collect his debt. Parrella Aff. ¶ 4. In March 2005, Goldman & Warshaw filed a collection suit (the "underlying suit") against Katz on behalf of Asset Acceptance in the Civil Court of the City of New York, County of New York. Id. ¶ 5. Defendants concede that New York County is an improper venue for the underlying suit and that the suit should have been filed in Kings County. Id. ¶ 10.

On June 9, 2005, Katz filed an action under the FDCPA claiming that defendants used "false representations and deceptive means to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10)" and that defendants brought "an action in an improper judicial district in violation of 15 U.S.C. § 1692i."

Plaintiff's Complaint ("Pl.'s Compl.") ¶ 12. Katz filed suit against defendant Asset Acceptance under the theory that it is vicariously liable for the actions of its agent, Goldman & Warshaw. Plaintiff's Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n.") at 8. Additionally, Katz filed this action on behalf of a purported class consisting of all consumers subject to an improperly filed complaint by Goldman & Warshaw.[1] Pl.'s Compl. ¶ 13. Katz seeks injunctive and declaratory relief as well as statutory damages and costs. Id. at 5.

In its defense, Goldman & Warshaw claims the error was unintentional and that it occurred notwithstanding the detailed policies and procedures it adopted to avoid venue errors. Goldman & Warshaw's and Jeffrey M. Parrella's Reply in Supp. of Mot. for Summ. J. and Mot. for Costs ("Def.'s Reply") at 2-3; Parrella Aff. ¶ 10 (stating "I had no intention of having the Underlying Suit filed in a county other than where Katz, the defendant-debtor, resided."). Goldman & Warshaw (1) publishes and circulates policies and procedures to paralegals and attorneys stating that suits are to be filed in the venue of residence, Certification of Luciana Lalande ("Lalande Cert.") Exs. E, F; Affidavit of Ann Marie Kielty ("Kielty Aff.") ¶¶ 3, 7; Jones Aff. ¶¶ 3, 7; Parrella Aff. ¶ 8; (2) provides FDCPA

---

[1] Although this suit is captioned as a class action, Katz has not moved for class certification.

compliance training, which includes specific instructions on the proper filing of collection suits in light of the FDCPA's venue requirements, Kietly Aff. ¶¶ 3-4, 10, Jones Aff. ¶¶ 3-4, Parrella ¶¶ 6-7; and (3) requires attorneys and paralegals to review flow charts explaining proper venue procedures, Lalande Cert. Ex. G, Kielty Aff. ¶ 7, Jones Aff. ¶ 7, Parrella ¶ 8.  Subsequent to Katz's suit, Goldman & Warshaw reviewed approximately 1700 cases and found that no other cases were filed in an improper venue.  Parrella Aff. ¶ 11.

Goldman & Warshaw submitted a settlement offer pursuant to Rule 68 of the Fed. R. Civ. P. consisting of $1,000.00 plus reasonable attorney fees and costs.  Lalande Cert. Ex. C.  Katz did not accept this offer.  Def. Goldman & Warshaw and Parrella Mem. in Supp. of Mot. for Summ. J. and Mot. for Costs ("Def.'s Mem.") at 1.  Furthermore, defendants assert that Katz has neither responded to discovery requests nor sought any meaningful discovery from Goldman & Warshaw.  Id. at 3.

Defendants claim they are not liable under the FDCPA's bona fide error defense, 15 U.S.C. § 1692k(c), and move for summary judgment under Fed. R. Civ. P. 56 and costs in accordance with Fed. R. Civ. P. 68.[2]

---

[2] Although the motions were filed by defendants Goldman & Warshaw and Parrella, defendant Asset Acceptance later joined the motions.  Asset Acceptance's letters to the Court dated Feb. 17, 2006 and April 6, 2006.

## Discussion

### (1)

### The FDCPA

"Congress' general intent in enacting the FDCPA was to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 176 (W.D.N.Y. 1988). The Act requires that any debt collector who sues a consumer shall do so only in the judicial district "(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). However, the Act also provides that

> [a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). To be eligible for this "bona fide error" defense, a debt collector need not demonstrate that its procedures for avoiding violations are "fool proof," but rather, must only show that its procedures constitute a "reasonable precaution." Archaempongtieku v. Allied Interstate Inc., No. 04-

CV-8397, 2005 WL 2036153, at *6 (S.D.N.Y. Aug. 24, 2005) (citing Kort v. Diversified Collection Serv. Inc., 394 F.3d 530, 539 (7th Cir. 2005)).

It is undisputed that Goldman & Warshaw filed suit against Katz in the incorrect venue of New York County instead of his county of residence, Kings County. Katz, however, alleges that Goldman & Warshaw cannot avail itself of the bona fide error defense because its erroneous selection of venue was intentional and it had no safeguards in place to avoid such errors.

Goldman & Warshaw maintains that, at all times, it intended to file collection suits, such as the underlying suit, in the county in which the debtor resides. First, Suzanne Jones, the paralegal responsible for entering Katz's data into Goldman & Warshaw's electronic filing system, asserts that she mistakenly entered the incorrect venue code in Katz's file as the result of an "unintentional clerical error." Jones Aff. ¶ 10. Second, Anne Marie Kielty, a paralegal in Goldman & Warshaw's litigation department, attests that she did not catch the mistake in venue when preparing the draft complaint for the underlying suit and, thus, unintentionally designated New York County as the venue. Kielty Aff. ¶¶ 8, 11. Finally, Jeffrey Parrella, an attorney with Goldman & Warshaw, states that he failed to realize the error in venue and never intended the underlying suit to be filed in a venue other than Katz's county of residence. Parrella Aff.

¶¶ 9, 10.

Indeed, it is hard to imagine what interest of defendants would be served by filing the underlying suit in New York rather than Kings County. The New York County Civil Court is located at 111 Centre Street, New York, NY 10013 and the Kings County Civil Court at 141 Livingston Street, Brooklyn, NY 11201; the two are approximately 2.6 miles apart.[3] As such, it is unlikely that the filing of the underlying suit in New York County was the result of a strategic attempt to gain an unfair advantage over Katz or to harass him.

Additionally, as discussed earlier, Goldman & Warshaw offers detailed evidence of firm policies and procedures that it has in place to avoid having collection suits filed in venues other than the venue where the debtor resides. Courts have granted summary judgment based on § 1692k(c) when defendants have come forward with evidence similar to that adduced by Goldman & Warshaw. See Howe v. Reader's Digest Association, 686 F. Supp. 461, 467 (S.D.N.Y. 1988) (granting summary judgment under bona fide error defense where affidavits demonstrated extensive systems and procedures maintained by defendant for avoiding errors); Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1031 (6th Cir. 1992)

---

[3] Ironically, according to an online transit guide, via public transportation there is a shorter commute from Katz's residence in Williamsburg, Brooklyn to the New York County Civil Court than to the Kings County Civil Court. http://www.hopstop.com/?city=newyork

(affirming grant of summary judgment where erroneous mailing of collection letter was result of bona fide error supported by employee affidavits explaining inadvertent error and company policy of distributing five-page collection procedure manual); Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 389 (D. Del. 1991) (granting summary judgment under bona fide error defense where employees periodically attended training seminars in FDCPA compliance and employer provided FDCPA compliance manuals, collection policy memorandum and cards dictating the verbiage employees were required to use when contacting debtors by telephone). Although none of these cases specifically involved the filing of a collection suit in an improper venue, they are, nonetheless, persuasive.

Goldman & Warshaw's erroneous filing of the underlying suit in New York county, rather than Kings County, was the result of an unintentional bona fide error as contemplated by § 1692k(c). Katz has failed to rebut defendant's affidavits with anything but conclusory allegations that Goldman & Warshaw's actions were intentional. Pl. Opp'n at 4-7. The absence of additional occurrences, cf. Johnson v. Equifax Risk Mgmt. Servs., No. 00-CV-7836, 2004 WL 540459, at *9 (S.D.N.Y. March 17, 2004) (denying summary judgment on bona fide error defense and noting that magistrate judge "had rejected [defendant's] bona fide error defense on the basis that its procedures were clearly inadequate

given numerous errors and violations of the FDCPA), the geographical proximity of the two venues, the procedures for avoiding venue errors and the sworn statements from Goldman & Warshaw employees all show that the violation was an unintentional bona fide error that occurred notwithstanding reasonable procedures that were put in place to avoid such errors. Accordingly, defendant's motion for summary judgment is granted.

Finally, it should be noted that plaintiff's counter-arguments are meritless. First, plaintiff asserts that the bona fide error defense is inapplicable because "[t]his error could have easily been detected had anyone from defendant's office actually read the papers with an eye toward compliance with the specific venue requirements of the FDCPA." Pl's Opp'n at 7. "Any typographical error, however, could be detected by close reading, yet the Congress chose to provide debt collectors with a defense against liability for such errors so long as reasonable procedures are adapted to prevent them." Hernandez v. The Affiliated Group, Inc., No. 04-CV-4467, 2006 WL 83474 (E.D.N.Y. Jan. 12, 2006). Second, plaintiff argues that because it was an attorney's obligation to select venue, Goldman & Warshaw cannot be absolved of liability because they have chosen to "shift [that] professional responsibility to a data entry person." Pl's Opp'n at 8. There is nothing in the language of § 1692k(c) to

9

support that position.

**(2)**

**Defendants' Request for Costs under Rule 68**

On August 5, 2005, pursuant to Fed. R. Civ. P. 68 ("Rule 68"), Goldman & Warshaw submitted a settlement offer to Katz consisting of $1,000.00 plus reasonable attorneys fees and costs. Lalande Cert. Ex. C. Because Katz refused this offer, Goldman & Warshaw claims that it is entitled to costs pursuant to Rule 68.

Rule 68 provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed. R. Civ. P. 68. The plain purpose of Rule 68 is to encourage the settlement of litigation. Delta Air Lines Inc. v. August, 450 U.S. 346, 352 (1981). "Rule 68 provides an additional inducement to settle cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain." Id. According to the plain language of the rule, it is confined to cases in which the plaintiff has received a judgment and that judgment is less favorable than the defendant's settlement offer. In re Water Valley Finishing, Inc. v. Liberty Mutual Fire Ins. Co., 139 F.3d 325, 328 (2d Cir. 1998) (citing Delta Air Lines Inc., 450 U.S. at 350). Because judgment is being entered for defendants, as a threshold matter, Rule 68 is inapplicable. Thus, Goldman & Warshaw's request for costs

pursuant to Rule 68 is denied.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment is granted and their motion for costs pursuant to Rule 68 is denied. The Clerk of the Court is ordered to close the case.

Dated: Brooklyn, New York
       November 29, 2006

                                SO ORDERED:


                                _____/s/_____
                                David G. Trager
                                United States District Judge